HON. SAMUEL C. WINGARD ....................... do      do

JOSEPH H. HOUGHTON............................ CLERK.

---

### KING COUNTY *vs.* JOHN COLLINS AND JOHN CONDON.

An incumbrance of the record with superfluous matter, should be punished by the imposition of costs.

An entry in the records of the Commissioners of King County, showing that Snohomish County is called upon to remove certain persons—charges of Snohomish County being kept in King County—is not competent evidence to establish the liability of King County for such keeping.

Such record only shows that King County is not liable.

In this case, the verdict being manifestly against the evidence and contrary to law, should be set aside.

An instruction to the effect that plaintiff cannot recover of the county for the keeping of paupers, until he proves the County Board have adjudicated such persons paupers and authorized the plaintiff to keep them as such, embodies a correct statement of law.

Error to Third District for King County.

*D. P. Jenkins* for plaintiff in error.

*J. J. McGilvra* and *Wm. H. White* for defendants in error.

Opinion by LEWIS, Chief Justice.

The record in this cause is most voluminous, and contains some 50 pages of matter wholly foreign to the issues here presented.

We know of no better mode of preventing the encumber-

---

*Owing to ill health, GREENE, Judge, took no part in the business of this term.                                                            469

ing of records with so much foreign substance, than that of compelling the plaintiff in error to pay for it. Hence, in this cause, $20 of the costs of transcript herein will be taxed to the plaintiff in error.

Two errors are here assigned for the reversal of the judgment of the District court.

1.   Error in permitting the testimony of Collins to go to the jury.

2.   Error in overruling the defendant's motion for a new trial.

This action was brought to recover of King county for boarding and lodging Robert Smallman, his wife and two children, who are alleged to have been paupers.

Defendants in error allege that they so kept two of said paupers, to wit: Smallman and wife, under a contract made by and between them, and Henry L. Yesler, as agent of King county board, to pay them for the same, what the same was reasonably worth, and that defendant below, King county, promised to pay them for keeping Smallman and his family, what the same was reasonably worth.

The defendant below denied such contract and promise.

The plaintiffs below alleged in complaint that the board of commissioners recognized Robert Smallman as a pauper, by orders made of record in May and November, 1871, and to show such fact, a certified copy of this order—Exhibit B—was given in evidence.

This order, is in substance this:  "That the auditor of King county be commanded to notify commissioners of Snohomish county, that Robert Smallman *a Snohomish county charge*, is now being maintained as a pauper in King county, and that said Smallman has received benefits to the amount of $1,603.00, and that the auditor notify the board of Snohomish county that they must pay the amount of the bill accrued, and to accrue, and must also take charge of and remove Smallman to his own county."

Now, under the provisions of section 8, of act of 1863, page

547, the board of commissioners of King county had full power and authority to determine whether Smallman was or was not a King county charge.

If it were determined that he was, it would have been the duty of the board to provide for him; if not, they might have proceeded to have him removed or caused a notice to be given him requiring him to depart.

This order therefore, exhibit B, adjudges that King county is not liable for the support of said Smallman, and in no sense does it recognize him as a King county charge; on the contrary, in positive terms, states that he is a Snohomish county charge.

Whether or not the legal opinion, given by the King county board to the Snohomish county board, is, or is not, good law, is not necessary to here determine. Wherefore, as King county had not assumed the care and charge of Smallman, and had not furnished him any benefits at that time, it was wholly immaterial who furnished the benefits by them spoken of; and it was error to permit the evidence of Collins to go to the jury, and, doubtless, was error to the prejudice of plaintiff in error.

As to the second error assigned. Without discussing the subject, at length, as to the rule as to when, and in what special cases, courts should set aside a verdict as contrary to the evidence, we simply state the general proposition, that when the verdict is manifestly against the evidence, in which there is no conflict, it should be set aside; so also when it is contrary to the law, and it is fully apparent that the jury wholly disregarded the law.

It is conceded by counsel here that the overruling of this motion is a proper subject for review in this court.

The learned judge in the court below, in plain terms, informed the jury that there was no evidence before them tending to show that H. L. Yesler was agent of the board, and that to recover, the plaintiff must establish two things.

1. That Smallman and wife and children were adjudicated to be paupers by the board of county commissioners, and that they authorized plaintiffs to furnish the relief.

We think this was a fair exposition of the law.

There was not a particle of evidence in anywise tending to show such facts, and there can be no doubt but that the jury in this case wantonly disregarded both the law and the evidence in finding as they did; hence their verdict should have been set aside.

The cases cited by counsel in Pennsylvania were cases of emergency, and regular orders were afterward obtained.

In the case at bar it seems that the defendants in error maintained these poor persons more than twelve months, during which time there were at least four sessions of the board. Hence they cannot complain, for the use of a very little diligence on their part would have secured some action on part of the board.

The board has the entire and exclusive superintendence of the poor.

It is for them to determine who are paupers and entitled to relief, and they are to make the necessary contracts for the support of all paupers, who are by them deemed a charge upon their county.

The order of the board in November, 1871, appropriating money to send Smallman away was not an adjudication that he was a King county charge, but exactly the contrary, for, as we have seen by Section 8 of the statute, the board is in express terms, given this power in the event that they determine that he was not a charge upon their county.

The judgment of the District court will be reversed and a new trial ordered.