## JAMES G. MURNE,

*v.*

## SCHWABACHER BROS. & CO.

Whether in proceedings supplemental to execution, the District Judge can cause a new party to be brought into a proceeding—*Quære?*

Such proceedings, though attached to a law case, are of an equitable cognizance.

If the proceedings in any particular case be such as to operate as an estoppel against the person proposed as a new party, then there is no necessity of bringing him in.

In case a principal has full knowledge of a supplemental proceeding against his agent, where the property of the principal in the hands of the agent is sought to be applied, as the property of the agent, to the payment of a judgment against him, and such principal fails to intervene, or otherwise protect his property, he cannot complain if loss ensue.

A party after arrest, and being advised of supplemental proceedings against him, cannot dispose of the property in question at such time, and thus avoid the responsibility of applying it, as he may be called upon to do.

ERROR, to the Third Judicial District, holding terms at Seattle.

*McNaught, Ferry, McNaught & Mitchell,* for Defendants in error.

The plaintiff in error, in his motion for a new trial, did not assign as error the failure of the District Court to make John Elwood and Eugene Fields parties to the proceeding, and therefore cannot raise the question in this Court. (*Nixon* v. *The Bear River and Auburn Water and Mining Company*, 24 Cal. 367; *Hutton* v. *Reed et al.*, 25 Cal. 479; *Burnett* v. *Pacheco*, 27 Cal. 408; *Haggin* v. *Clark et al.*, 28 Cal. 162; *Stanton County* v. *Canfield*, 10 Neb. 389; Powell on Appellate Proceedings, 132 and note.)

The 458th section of the Code and the first rule of the Supreme Court require the plaintiff in error to give a particular description of each error assigned. The failure to make Elwood and Fields parties is not one of the errors assigned.

No motion was made in the District Court by plaintiff in error, to make Elwood and Fields parties to the proceeding. This was necessary, if plaintiff in error desired to raise the question in this Court. (Code of Washington, Sec. 449.)

It was not the duty of the Court below, *ex proprio motu*, to bring in Elwood and Fields as parties. The Court was neither required nor permitted to do this, under Sec. 20 of the Code of Washington. (*Sawyer* v. *Chambers*, 11 Abbott, 110 ; *McMackus* v. *Allen*, 12 Howard, 29 ; *McMackus* v. *Allen*, 3 Howard, 89.

Elwood and Fields were present in the District Court during the trial of this action.

They were both examined as witnesses on behalf of plaintiff in error. They could have intervened under the 23d Section of the Code ; and having failed to do so, this Court will not reward them for their laches, to the manifest injury of the defendants in error.

*J. R. Lewis*, for Plaintiff in error.

Opinion by Greene, Chief Justice.

This cause was heard at last term, and an opinion filed. Appellee not being satisfied that a proper practice or justice itself will admit of bringing a new party into a proceeding such as this, applied for a rehearing. His application was granted. Now, after a full reargument, we are disposed to modify our former opinion in one particular.

Waiving the question whether the District Judge can in any proceeding supplemental to execution cause a new party to be brought in—on which question we are not all of us altogether clear—we are of opinion that if the facts obtaining in this particular proceeding are such, that a determination of the issues in it against the judgment debtor would operate to estop the individual proposed as a new party from afterwards setting up any claim to the disputed property, then there is no necessity for bringing him in, nor any reason why the proceeding should fall futile and be dismissed, or be in any wise affected for want of jurisdiction acquired over his person.

Plaintiff in error complains that he is a mere agent, and that the property of his principals is being taken, and their rights are being adjudicated away, without any opportunity for these principals to be heard. He does not claim, nor does he desire, that his principals should be made a party to this proceeding ;

but he insists that without them nothing can be adjudged against himself.

The issue on this point is just what is liable to be presented in any case of the nature of replevin or detinue, the only difference seeming to be that this proceeding, though attached to a law case, is of equitable character and cognizance. But passing by all question arising out of the former, it is conceded and appears of record, that the supposed principals had full notice of this proceeding and its aim before trial. A deposition of one of them and the oral testimony of the other were taken as to the ownership of the property. Either could have intervened before trial, under Section 23 of the Code, if he had so desired; for that section allows intervention in a " proceeding " as well as in an " action." And even while the trial was in progress, we have little doubt but that an intervention would have been properly allowed in equity. If the principals were not disposed to intervene, they might have used some other means to protect their interests. No steps, however, were taken by either of them to assert any rights. Each left his supposed agent to defend as best he might alone. It seems to us that the maxim, *respondeat superior*, will here apply. Really, these principals, if they be such, have suffered their property to be litigated away before their face and eyes, under the name of their agent. What matters that to the agent? It is his principal's loss, and not his own.

The findings of the District Judge upon the facts are fairly deducible from the evidence, and ought not to be disturbed. According to those findings, the property at the date of the arrest of the defendant was in the defendant's possession, and was his own. No third party was present in Court, making claim in any appropriate way. There was no dispute between the debtor and the third persons before the District Judge for settlement, but only a denial by the debtor that the property was his own, and an assertion by himself that it belonged to other persons, that he named. It is said by plaintiff in error that the testimony shows the property to be now beyond the reach of defendant and of the Court, and that therefore he cannot now comply with the order to pay it over.. In fact, it appears that after he was arrested and apprised by the proceeding

II. Wash.—13.

in the District Court that he would be required to pay over the disputed money, he purposely and willfully put it beyond his reach, in order that the Court might be powerless to compel him to pay it. Well, he had an option to retain the money to abide the judgment of the Court, or to brave the consequences of not having it. We do not think he ought to complain of the bed he has made for himself.

We conclude, that the judgment of the Court below must be affirmed.