[No. 13257.   Department Two.   March 11, 1916.]

J. T. GUERIN, *Appellant*, v. CLARKE COUNTY, *Respondent*.

PAUPERS—CARE AND SUPPORT—MEDICAL ATTENDANCE—LIABILITY OF COUNTY.   A county is not liable to a physician for treating persons who are not accepted paupers, without any order from any one in authority, as plainly required by Rem. & Bal. Code, § 8377.

Appeal from a judgment of the superior court for Clarke county, Back, J., entered May 29, 1915, upon granting a nonsuit, dismissing an action on an implied contract for services rendered.   Affirmed.

*Miller & Wilkinson*, for appellant.

*Jas. O. Blair* and *McMaster, Hall & Drowley*, for respondent.

BAUSMAN, J.—The plaintiff physician sues a county for professional services rendered in the county to one resident and eight nonresidents indigent, but judgment was properly rendered against him, for he neither had a claim to begin with nor had properly presented one.

These persons were not accepted paupers, and no county officer had requested plaintiff to treat them.   Nothing can be plainer, under Rem. & Bal. Code, § 8377 *et seq.* (P. C. 115 § 311), than that, however much the poor may of a sudden require a physician, a bill for such work cannot be run up against the county without an order from some one in authority.   Even were we to suppose the county under a common law obligation, this thing has long been regulated by statute.   Neither that statute nor reason exposes our counties to what might otherwise become enormous charges, unnecessary services, and feigned situations.   These are old statutes and this their old interpretation.   *King County v. Collins*, 1 Wash. Terr. 469.

Judgment affirmed.

MORRIS, C. J., MAIN, HOLCOMB, and PARKER, JJ., concur.

¹Reported in 155 Pac. 1035.