[No. 17404.   Department Two.   December 6, 1922.]

LOUIS T. SILVAIN, *Respondent,* v. K. TABUSA *et al.,*
*Appellants.*[1]

BILLS AND NOTES (16)—LEGALITY OF OBJECT OR CONSIDERATION— FRAUD—SCHEME TO DEFRAUD THIRD PERSONS. Judgment creditors having satisfied the judgments upon the passing back and forth of the money and the giving of promissory notes for the amount, in aid of indemnified judgment debtors, under an indemnity policy requiring that they first actually pay the judgments, the judgment debtors cannot defend an action on the notes on the ground that the arrangement was a fraud on the insurance company; since they may not plead their own fraud which did not injure them, and do not deny that there was no payment of either the judgment or the notes, which were given either in consideration of the satisfaction or of a reloaning of the money.

Appeal from a judgment of the superior court for King county, Davidson, J., entered March 17, 1922, upon findings in favor of the plaintiff, in an action on promissory notes, tried to the court. Affirmed.

[1]Reported in 210 Pac. 782.

*Paul Carrigan,* for appellants.
*Silvain, Butler & Tennant,* for respondent.

TOLMAN, J.—Prior to February 15, 1917, one O. N. Troup and one B. W. Lee each brought an action to recover damages growing out of an automobile collision, against appellants, and each recovered a judgment. Appellants were unable to immediately pay such judgments, or at any rate did not do so, and the record discloses no attempt to collect by execution. At the time the causes of action above referred to arose, appellants had a policy of indemnity insurance covering the subject matter, which policy contained a provision to the effect that, no action thereon should lie,

"except for reimbursement of the amount of loss actually sustained and paid in money by the Assured, in full satisfaction of a judgment, duly recovered against the Assured, after final determination of the litigation."

With this situation in view, the attorneys for the parties to these judgments conferred as to what should be done, and thereafter the attorney for the judgment debtors, with money procured from some source undisclosed, paid the amount of both judgments, with costs, into the registry of the court, and the attorneys for the judgment creditors satisfied both judgments in full, withdrew the money from the registry of the court, and immediately paid it over to the attorney for the judgment debtors, receiving at that time, in lieu of, or in exchange for the money, the notes which are in suit here, four in number, which aggregated in amount the total due on the two judgments.

Thereafter suit was brought in the name of appellants, as plaintiffs, against the insurance company, and a judgment obtained, which was afterwards compromised by the payment by the insurance company of

$750, which sum was $13.90 less than the face of the notes given as already related. What became of the money paid by the insurance company is not satisfactorily shown, but it was not paid upon the notes, and that it never actually passed into the hands of appellants seems to be admitted. The notes were assigned after maturity to respondent, who brought this action to recover thereon, and from a judgment for the full amount evidenced thereby, appellants have appealed.

Appellants admit the execution of the notes, and that they have not been paid, but contend that they were given in consideration of what they claim was a fraudulent satisfaction of the original judgments, and for the purpose of deceiving and defrauding the insurance company. The trial court found that there was no fraud or intent to defraud in the transaction, and since fraud is never presumed, we are satisfied that the finding is sustained by the weight of the evidence. But were the facts otherwise, we fail to see how appellants could now profit thereby. Admittedly they were liable to the amount of these notes on the original judgments. They say that they have never paid either the original judgments or the notes. How can they escape liability? If there was an attempt to defraud the insurance company, they were parties thereto, and shall they now be permitted to plead their own wrong as a defense to an admitted liability existing prior thereto? If there was an attempt to defraud the insurance company, which it might have asserted as a defense, appellants were not injured, nor was their liability in anywise increased thereby; and shall one be permitted to plead a fraud against a third party, even though his own hands be clean, which in nowise affects his own preexisting liability?

The case of *Davies v. Maryland Casualty Co.*, 89 Wash. 571, 154 Pac. 1116, 155 Pac. 1035, L. R. A. 1916D

395, upon which appellants rely, does not bear upon these points, and no authorities have been cited which so hold. Even if the facts warranted it, we would be slow to lay down such rules. Appellants seem to have failed to distinguish between fraud and an illegal consideration. The consideration for these notes was either the satisfaction of the judgments or the reloaning of the money paid thereon, and was in either case both valuable and entirely legal. The fraud, if any there was, did not enter into nor affect the consideration.

The judgment appealed from is affirmed.

PARKER, C. J., FULLERTON, MAIN, and HOVEY, JJ., concur.