[No. 23861. Department Two. January 31, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Frank C. Paine et al., Respondents,* v. F. J. GLOVER *et al., Appellants.*[1]

*Chas. W. Greenough* and *A. O. Colburn,* for appellants.

*Tustin & Chandler,* for respondents.

STEINERT, J.—The matter involved in this litigation has now been before this court on three different occasions. Frank C. Paine and Connor Malott originally brought an action in Thurston county against the state of Washington and the commissioner of public lands to

[1]Reported in 18 P. (2d) 508.

establish, as a lien against certain state land, a certificate of delinquency issued by Spokane county for drainage district assessments. Spokane county was made a defendant and relief was prayed for against it under its guaranty to pay the certificate in the event that the tax or assessment, for which the certificate was issued, was held to be void.

Demurrers to the complaint were interposed by the defendants therein. The joint demurrer of the state and the commissioner of public lands was sustained; that of the county was overruled. The plaintiffs having elected to stand upon their complaint, and the county having refused to plead further, judgment was entered dismissing the action as to the state and the commissioner of public lands but awarding recovery against the county in the sum of three thousand two dollars and fifty-five cents. On appeal, the judgment was in all respects affirmed. *Paine v. State,* 156 Wash. 31, 286 Pac. 89.

The county contended, on the appeal, that the judgment against it should have been limited in amount to that portion of the assessment that was charged to the state, and that the remainder, represented by the certificate of delinquency, was properly chargeable to, and collectible from, the rest of the lands within the district. Answering that contention, the concluding paragraph of the opinion in that case reads:

"The complaint clearly alleges that the amount paid by Paine and Malott for the certificate of delinquency was for unpaid assessments with interest thereon, against the state's land within the drainage district. There is nothing appearing upon the face of the complaint indicating otherwise. The appellant county elected to stand upon its demurrer which admitted the allegation to be true; therefore, under the guaranty of the county to refund the amount paid if the delinquency certificate were declared void, the judgment in

favor of appellants Paine and Malott against the county of Spokane should be, and it is, affirmed.''

Thereafter, Paine and Malott, as relators, brought this mandamus proceeding against the auditor and treasurer of Spokane county to compel payment of the judgment. Defendants made return to the alternative writ and also answered, pleading that the money paid by the relators for the certificate of delinquency had been deposited by the treasurer in the interest and bond redemption fund of the drainage district in connection with which the certificate of delinquency had been issued; that the bonds issued by the district were held by relators; that the funds so paid in by relators for the certificate of delinquency, and deposited by the treasurer in the bond redemption fund, had in turn been paid by the treasurer to the relators as the holders of such bonds; in other words, that the relators had received, on account of their bonds, all of the moneys which they had originally paid for the certificate of delinquency.

The relators' demurrer to the return and answer of the defendants having been overruled, the relators elected to stand upon their demurrer and refused to plead further. Judgment dismissing the mandamus proceeding was entered, from which the relators appealed. On appeal, that judgment was reversed, and the trial court was directed to sustain the demurrer and to proceed with the action. *State ex rel. Paine v. Glover,* 165 Wash. 567, 5 P. (2d) 1014.

On the appeal, the respondents (appellants here) contended that the judgment in the former case was not *res adjudicata* of the issues raised by their answer because, as they said, the defense set up in the answer was not available to them in the prior proceeding, inasmuch as it did not come into existence until after it had been finally determined that the certificate of de-

linquency was void; they further contended that the judgment in the former case was entered by consent of counsel, but that such consent had been given under misapprehension of the true state of facts and without the authority of the county's proper officers so to do. In answer to these contentions, this court held that all of the facts relative to the payment, by these respondents to these appellants, of the purchase price of the certificate of delinquency and its repayment to respondents upon the bonds held by them, had transpired prior to the trial of the former action, were then within the knowledge of the county's officers, and were embraced within the subject matter of the second, or present, action. The court said, on p. 576:

"In the case at bar, however, it is clear that respondents' defense was not, as the court said in the *Deaver* case, 'wholly independent of all matters drawn in question' in the former action between these parties. On the contrary, the fact that the relators in this proceeding had, as owners of the bonds issued by the drainage district, received the money which they had paid to the county for the certificate of delinquency, was directly embraced within the subject-matter of the prior action. The superior court adjudged, and the ruling was affirmed by this court, that the plaintiffs in the action (relators here) were entitled to the return of the money which they had paid for the certificate of delinquency."

Upon remittitur, the appellants herein filed an amended answer pleading that the judgment sought to be corrected was not a general judgment against the county, but only a judgment against it as the agent of the drainage district, and payable only out of funds belonging to the district; that there were no funds in the treasury of the said district available for the payment of said judgment, and no funds in the possession, or under the charge, of the appellants from which said

judgment could be paid. The respondents filed their reply to the amended answer, and the case was then heard on its merits, resulting in an order directing the issuance of a peremptory writ of mandate commanding the county auditor to issue to respondents a warrant on the county treasurer in the sum of $3,378.36, with interest from February 7, 1928, payable out of the current expense fund or any other fund available for the payment of general claims against the county. From that order, this appeal was taken.

In its memorandum opinion, the trial court said:

"The character of the indebtedness was plainly before the court in the first action, and if it were the contention of the county that in case the assessment were declared void all it could be required to do would be to issue an order on the fund of that district, such claim should have been made in that action."

The ruling of the trial court succinctly states our own view upon the matter now before us. Appellants' present contention, as indicated in their amended answer, was available to them as a defense at the time that the original action was brought. Not having tendered that defense, they can not now, after judgment, relitigate the matter. The original judgment determined the county's liability upon its own guaranty. As between the parties to this action, its liability became fixed, and the county can not now relieve itself therefrom merely by showing that it has at all times been the liability of the drainage district, or that the drainage district has no funds with which to pay the judgment.

The order for peremptory writ of mandate is affirmed.

BEALS, C. J., MAIN, and TOLMAN, JJ., concur.