MANILA JOHNSON, *Respondent*, v. NICOL McGILCHRIST, *Defendant*, STANDARD ACCIDENT INSURANCE COMPANY, *Appellant*.[1]

[1]Reported in 24 P. (2d) 607.

*M. E. Mack,* for appellant.

*Gleeson & Gleeson,* for respondent.

HOLCOMB, J. — This appeal is from a judgment against appellant in a garnishment proceeding.

Proceedings were had in the court below whereby respondent recovered a verdict and judgment of three thousand dollars against defendant McGilchrist for personal injuries received by being struck by an automobile owned by McGilchrist. No appeal was taken from the judgment, and it became final, after denial of a new trial.

On July 17, 1932, no part of the judgment having been paid, respondent made an affidavit for the issuance of a writ of garnishment against appellant under Rem. Rev. Stat., § 680, reading:

"The clerks of the superior courts in the various counties in the state may issue writs of garnishment returnable to their respective courts in the following cases: . . .

"(3) Where the plaintiff has a judgment wholly or partially unsatisfied in the court from which he seeks to have a writ of garnishment issued."

The affidavit for garnishment set out the facts that respondent had recovered a judgment against McGilchrist in the sum of three thousand dollars, and, in addition, costs and disbursements amounting to $44.60, which had become final, no part thereof had been paid by McGilchrist, and that he was insured by appellant for such damages in the sum of five thousand dollars. Appellant answered the writ and affidavit supporting the same to the effect that it was not indebted to McGilchrist, and had no effects in its possession or under its control belonging to him. This answer of appellant was controverted by an affidavit filed by respondent which, in effect, denied the allegations of the answer of appellant that it was not indebted to McGilchrist.

No motion or demurrer was interposed by appellant attacking either the original affidavit or the controverting affidavit, which would be the proper method of testing them. *Hallock v. National Bank of Commerce,* 110 Wash. 385, 188 Pac. 479, 10 A. L. R. 737.

Although appellant contends that the affidavit for garnishment was insufficient because it contained no statement that the garnishment was not applied for or sued out to injure the defendant or the garnishee, as is required by subdivision 2 of § 680, *supra,* that is not necessary nor proper when the garnishment is based upon an unsatisfied judgment.

Appellant offered an issue of collusion between the principal defendant McGilchrist and respondent and a change of statement by McGilchrist from his report to appellant in the trial of the garnishment matter. It was averred that appellant did not discover that there was fraud and collusion between those parties until the last day of the trial, April 8, 1932, in the original action. No offer of proof or motion for continuance upon that ground was then made, but was be-

latedly made by an offer of proof during the trial of this garnishment proceeding, which occurred on September 12, 1932. Such showing in this garnishment trial cannot avail appellant. It is to be presumed that all issues as to the negligence of McGilchrist or collusion of the parties are triable and were tried in the original action. (Cf. *State ex rel. Paine v. Glover,* 171 Wash. 523, 18 P. (2d) 508.)

Appellant, in consideration of a stated premium, had issued a policy to McGilchrist which, among other things, contained the following conditions:

"I. A. To PAY, within the limits specified in Item 5 of said Declarations, the loss from the liability imposed by law upon the assured for damages on account of bodily injuries, including death resulting therefrom, sustained or alleged to have been sustained by any person or persons as the result of such accidents."

Other clauses following this refer to the insurer's liability and its total liability for any one accident, and nowhere mentions indemnity.

Clauses III and VI read:

"III. To DEFEND in the name and on behalf of the Assured any suits against the Assured, even if groundless, to recover damages on account of bodily injuries covered hereby or property damage covered hereby."

"VI. The insolvency or bankruptcy of the Assured shall not release the company from any payment otherwise due hereunder, and if an execution on a judgment against the Assured is returned unsatisfied, the judgment creditor shall have a right of action against the company, subject to the terms and limitations of this policy, to recover the amount of said judgment."

Paragraphs "C" and "E" read:

"C. The assured upon the occurrence of an accident shall give immediate written notice thereof, with the fullest information obtainable, to the company at its Home Office, Detroit, Michigan, or its duly authorized agent. He shall give like notice, with full particulars,

of any claim made on account of such accident. If, thereafter, any suit is brought against the assured he shall immediately forward to the company every summons or other process served upon him. The assured shall not voluntarily assume any liability, settle any claim or incur any expense (except for immediate surgical relief imperative at the time of the accident) except at his own cost, or interfere in any negotiations for settlement or legal proceeding without the consent of the company previously given in writing. . . ."

"E. No action shall lie against the company to recover upon any claim or for any loss under this policy unless brought after the amount of such claim or loss shall have been fixed and rendered certain either by final judgment against the assured after trial of the issue or by agreement between the parties with the written consent of the company, nor in any event unless brought within two years thereafter."

We reaffirm our long-standing rule of law that the liability of a party is fixed by the terms of his contract, and if plain and free from ambiguity, must control.

It is plain that this contract of insurance is one of liability and not of indemnity.

The policy before us does not contain the language contained in the policy before the court in *Ford v. Aetna Life Insurance Co.,* 70 Wash. 29, 126 Pac. 69, which was one of the so-called "no action shall lie" policies, creating no liability, unless it shall be brought by the assured for loss or expense actually sustained and paid in money by him after actual trial of the issue. The policy in suit is more positively a liability policy than the one in *Fenton v. Poston,* 114 Wash. 217, 195 Pac. 31, or in *Finkelberg v. Continental Casualty Co.,* 126 Wash. 543, 219 Pac. 12; in both of which cases we held they were liability and not indemnity policies.

In *Luger v. Windell,* 116 Wash. 375, 199 Pac. 760, 37

A. L. R. 641, we reaffirmed the ruling in the *Ford* and *Fenton* cases, *supra,* distinguished other cases, and overruled *Davies v. Maryland Casualty Co.,* 89 Wash. 571, 154 Pac. 1116, 155 Pac. 1035, because it was not in harmony with the *Ford* case, or with the overwhelming weight of authority.

In *Landaker v. Anderson,* 145 Wash. 660, 261 Pac. 388, we reaffirmed the *Fenton* case, *supra,* where the policy in suit was one "to insure the assured against loss from the liability imposed by law upon the assured for damages, . . ." etc.

Appellant now urges that we overrule the *Fenton* case, as was urged in the *Landaker* case, *supra,* which we there declined to do.

Appellant further contends that there was a total failure of proof on this trial because no evidence was given of the issuance of an execution on the judgment in the original case and its return unsatisfied under clause VI.

Clause VI and paragraph "E," when reasonably construed and, if doubtful, construed against appellant, which prepared it, do not mean that the return of an unsatisfied execution under the judgment is mandatory as a condition precedent. The "no action" clause in paragraph "E," under our decision in the *Fenton* case, *supra,* gives a direct liability to the judgment creditor for claim or loss which has been fixed and rendered certain either by final judgment against the assured after a trial of the issue or by agreement and the written consent of the company. Both clauses are subject to the terms and limitations of the policy.

Since appellant itself made its contract with the assured and made it a direct liability instead of an indemnity contract, under our decisions, which are controlling rather than outside cases, there is nothing more worthy of discussion.

The record in the original case discloses that the same attorney now appearing for appellant appeared and defended for it as its contract required. Consequently, it is as much bound by the judgment therein as is McGilchrist, for whom appellant defended in compliance with its contract with him. One defending in the name of another is generally bound by the judgment. *Sidis v. Rosaia,* 170 Wash. 587, 17 P. (2d) 37.

The judgment became final, remained unpaid, and is within the contract of insurance of appellant.

The judgment herein is right, and is affirmed.

BEALS, C. J., MITCHELL, MILLARD, and BLAKE, JJ., concur.