[No. 25140. Department Two. July 2, 1934.]

NICK GOOSCHIN, *Respondent*, v. MERCER CASUALTY
COMPANY, *Appellant*, ANDREW B. J. LADD,
*Defendant*.[1]

*Shank, Belt & Rode,* for appellant.
*Kahin & Carmody,* for respondent.

HOLCOMB, J.—This appeal is from a judgment
against appellant in a garnishment proceeding.

On February 18, 1933, respondent secured a judg-
ment against defendant Andrew B. J. Ladd in the sum
of $22,575.95 in an action to recover damages sus-
tained in an automobile accident. On the same day
that the above judgment was entered, respondent sued
out a writ of garnishment directed to appellant. Sub-
sequently, the defendant in the main action appealed
from that judgment, which appeal was pending at the
time the garnishment herein was issued and at the

[1]Reported in 34 P. (2d) 435.

time it was heard in the court below. The defendant in the main action filed no supersedeas bond upon appeal. Appellant answered in the garnishment proceeding that it had no funds belonging to the defendant in the principal action, which answer was controverted by respondent, and this matter proceeded to trial in the court below before the court without a jury.

At the time of the accident, there was in full force and effect an insurance policy issued by appellant to the principal defendant, where, among other things, appellant had insured him to the maximum extent of ten thousand dollars "against loss and expense by reason of liability imposed by law upon assured" arising out of such an accident as was the foundation of the judgment in the principal case. This policy further provided that the assured should aid in prosecuting appeals; should not voluntarily assume any liability or interfere in any legal proceedings or settle any claims, except at his own cost, without the written consent of the insurer previously given, and also providing:

". . . nor shall any action to recover for any loss covered by this policy arising or resulting from claims upon the assured for damages be sustainable unless it shall be brought by the assured for loss actually sustained by him after actual trial of the issue."

There is a further provision in the policy authorizing a direct action upon the policy by any claimant against the assured in case of bankruptcy or insolvency of the assured after execution against the assured was returned unsatisfied.

In general, the provisions of this policy are very similar to those before us in *Johnson v. McGilchrist,* 174 Wash. 178, 24 P. (2d) 607, and this, also, as in that contract, often refers to "liability" under the policy.

116

At the trial of this proceeding, appellant moved for a continuance until the appeal then pending in the main action could be determined in this court, which continuance was denied.

After a trial of the case, the trial court rendered a memorandum decision holding that the policy is a liability, rather than an indemnity policy. The court then rendered judgment against appellant, holding that it was indebted to the assured, Ladd, defendant in the principal action, in the sum of ten thousand dollars, with costs.

The first error assigned by appellant, in denying its motion for a continuance, has become unimportant, for the reason that the judgment in the principal action has been affirmed by an *En Banc* decision in this court [*Gooschin v. Ladd*], 177 Wash. 625, 33 P. (2d) 653, filed May 25, 1934.

The second and third errors contend that appellant was not indebted to the principal defendant, Ladd, in any sum whatever, and that it was error to enter judgment against it so determining.

At the time of the entry of the judgment in the principal action, appellant became indebted to the judgment creditor therein in a sum not exceeded by the coverage of its policy. If that judgment had been superseded on appeal, it would have been necessary for a supersedeas bond to have been filed therein. None was filed, and liability under the judgment immediately attached.

Under the provisions of the policy before us, it is a liability rather than an indemnity policy, the same as was held in *Johnson v. McGilchrist, supra,* and the indebtedness to the judgment creditor accrued "by reason of liability imposed by law" when the judgment in the principal action was entered. See discussion of cases in the last cited case. The clause in the contract

before us is not like that in *Ford v. Aetna Life Insurance Co.,* 70 Wash. 29, 126 Pac. 69, which was a so-called "no action clause," which necessarily constituted it an indemnity policy.

The judgment in the lower court was right, and is affirmed.

TOLMAN, BLAKE, and GERAGHTY, JJ., concur.

BEALS, C. J. (concurring in the result)—Upon the record before us, I concur in the result of the foregoing opinion, but it seems that it would have been better practice had the trial court proceeded with the hearing and thereafter, instead of entering a formal judgment, given appellant an opportunity to deposit the money in court to abide the result of the other action or in some way secured the respondent herein. It may be that the entry of such a judgment as is now before us for review could not have been avoided, but on the other hand I think that appellant should have been offered some alternative.