368 P.2d 456

**Application of Claude Edmund SPRIGGS for Reinstatement to Membership in The State Bar of Arizona.**

No. 7190.

Supreme Court of Arizona.

En Banc.

Jan. 25, 1962.

Harold E. Whitney, Phoenix, for applicant.

James P. Bartlett, Phoenix, examiner for State Bar of Arizona.

PER CURIAM.

CLAUDE EDMUND SPRIGGS, applicant herein and a former member of the Arizona State Bar, has applied to the Board of Governors and the Supreme Court of the State of Arizona for reinstatement as an active member of the Arizona Bar. His application was filed with the State Bar of Arizona in July of 1958. A hearing was had on the 1st day of July, 1960, before a special committee appointed to consider the application for reinstatement.

It appears from the record that applicant was convicted of a violation of Section 145(b), Internal Revenue Code, 26 U.S.C.A.

§ 145(b). Thereafter on the 6th day of July, 1956, the Supreme Court of the State of Arizona issued an order striking from the roll of practicing attorneys the name of the applicant. The record further discloses that since his disbarment applicant has been self-employed as a real estate broker in the state of California, having received his broker's license after he was thoroughly investigated by the real estate commission of that state, and that his license is now in full force and effect.

It was shown at the hearing that the conduct of the applicant since his disbarment has been good and that nothing persuasive to the contrary was presented. No complaints have been made against him since he entered the real estate business in California and so far as the Committee could ascertain his conduct prior to his disbarment in the state of Arizona was not subject to criticism except as to his conviction for income tax evasion. Evidence of his good character and business integrity is indicated by the fact that during the last year he was able to borrow a very substantial sum of money from the Valley National Bank on his own signature.

Applicant's testimony at the hearing was to the general effect that he either misunderstood, or was misinformed, as to the legal effect of certain provisions of the Federal Income Tax Law and that during the period he evaded the payment of income taxes he thought that he had found a legal method of reducing his taxes.

■■ There can be no question but that applicant's disbarment by this court in 1956 was the proper thing to do under all the circumstances. However, the law does not intend that disbarred members remain out of their profession indefinitely if the disbarred member has rehabilitated himself in society and has shown himself to be a person of good moral character.[1]

The Committee in its findings stated:

"Since the requirement for reinstatement seems to be based principally on conduct of applicant since his disbarment, the Committee is of the opinion that in so far as his character and conduct are concerned, that nothing has been shown that would indicate applicant should not be reinstated to the Arizona Bar."

[1]. In determining the question presented by an application for reinstatement from a disbarred attorney "the court will take into consideration the applicant's character and standing prior to the disbarment, the nature and character of the charge for which he was disbarred, his conduct subsequent to the disbarment, and the time that has elapsed between the disbarment and the application for reinstatement." 5 Am.Jur., Attorneys at Law, § 301 at p. 443; In re Bruner, 178 Wash. 114, 34 P.2d 437 (1934).

The Committee then amplified the above statement of fact by saying:

"However, in view of his statement concerning his knowledge and interpretation of the Income Tax Law and in view of the fact that he has been out of the practice of law for more than four years, the Committee suggests that it might be advisable to require the applicant to take the Arizona Bar * * * again."

With this latter statement we are not in agreement. The fact that applicant had a faulty knowledge of and acted on an erroneous interpretation of the Income Tax Law in 1956, for which he was punished and disbarred as an attorney, is not in itself grounds for keeping him out of his profession in 1962 provided his conduct in the meantime has been exemplary and of high standing.[2] Furthermore we do not believe in this case that the applicant should be required to again take the Arizona Bar examination. Rule 42 of the Rules of the Supreme Court, 17 A.R.S. provides that:

"Unless otherwise ordered by this court an applicant for reinstatement shall not be required to submit to the regular written examination required by Rule 28."

The special committee and the board of governors have both expressed concern about the eligibility of the applicant to be reinstated since he is admittedly a resident of California. It was suggested that an attorney applying for reinstatement to the Bar should possess all of the qualifications of a person originally applying for admission, one of these requirements being that applicant be a resident of the state of Arizona. Authority from other states was cited in support of this position but in every instance the law or rules of the courts in those states required that the applicant for reinstatement have the same qualifications as a person originally applying for admission. This point is illustrated in the case of In re Fleming, 36 N.M. 93, 94, 8 P.2d 1063, 1064 (1932), wherein the New Mexico court stated:

"Aside from the question of his moral reformation, an applicant for reinstatement must otherwise be eligible to admission to the bar. One of the requisites is that the applicant shall be a bona fide resident of the state. 1929 Comp., § 9–119."

Arizona has no such statute or rule of court that requires that an applicant for reinstatement be a resident of the state. In the response filed by the Board doubt was

---

2. "Where, as here, the applicant has borne the burden of producing evidence of his good character, then he may not be excluded from the practice of law unless

that good-character evidence is refuted by *competent* evidence of character defects." Application of Burke, 87 Ariz. 336, 339, 351 P.2d 169, 172 (1960).

expressed that the rule followed by New Mexico and the other states applies in Arizona. This conclusion is supported by Rule 39 of the Rules of the Supreme Court, which provides:

"The board shall make a favorable recommendation to this court upon an application for reinstatement only when satisfied that the applicant possesses the moral qualifications and the learning in the law required for admission to practice law in this state, and only by a resolution adopted by a majority of the entire board."

Since this rule makes no reference to a residence qualification we are of the opinion that it should not be applied in the instant case.

For the foregoing reasons we conclude that the applicant has met the requirement of showing good moral character and that he is now qualified to be reinstated in the Arizona Bar.

It is therefore ordered that applicant be reinstated as a member of the State Bar of Arizona.

NOTE: Justices STRUCKMEYER and LOCKWOOD having disqualified themselves, the Honorable ROBERT L. MYERS, Judge of Superior Court, Maricopa County, and Honorable ROBERT E. McGHEE, Judge of Superior Court, Gila County, were called to assist in the determination of this matter.