704 P.2d 807

**In the Matter of the Reinstatement As a Member of the State Bar of Arizona of Ronald Marc LEHMAN, Petitioner.**

No. SB–222–3.

Supreme Court of Arizona.

April 23, 1985.

Rehearing and Reconsideration Denied May 29, 1985.

Harrison & Lerch by Mark I. Harrison, Phoenix, for petitioner.

State Bar of Arizona by Michael M. Sophy, Bar Counsel, Phoenix, for State Bar of Arizona.

ORDER

ORDERED: that the Findings of Fact and Recommendations are disapproved.

FURTHER ORDERED: that the Application for Readmission to the Bar is denied.

GORDON and FELDMAN, JJ., voting to approve the Findings and Recommendations for Readmission to the Bar.

FELDMAN, Justice, dissenting.

Petitioner was disbarred more than five years ago following conviction for a felony—possession of cocaine. He applied for readmission. His application was approved by the bar and its committees, but denied by this court. Despite an abiding conviction that the court has erred with respect to the disposition of the substantive issues presented by this matter, I would ordinarily content myself with expressing disagreement on the minutes, copies of which are attached. However, by denying the application for readmission without opinion and without expressing any reason for its denial, the court has treated the applicant with profound injustice and has deprived him of constitutional rights. Accordingly, I take the unusual step of expressing my separate, dissenting views with respect to the order. This procedure is authorized by Rule 111(b), R.S.Ct. 17A A.R.S.

In two separate hearings, the petitioner has convinced the finders of fact that he has been rehabilitated and has regained the "good moral character" required for the practice of law. It is, of course, our prerogative to disregard the findings of the committees and make our own, different findings of fact. That is not possible in this case, however, because the record contains not a scintilla of evidence to contradict petitioner's showing of rehabilitation and good moral character—the only criteria mentioned in the rules. Thus, if we are to follow our own rules, we must grant the petition. Rules 71 & 72, Ariz.R.S.Ct., 17A A.R.S.

Nevertheless the majority of the court refuses to do so and refuses to explain. I do not believe that such a refusal can be justified upon any theory. While the practice of law is not a "right," it cannot be denied to a qualified applicant without basis. *Schware v. Board of Bar Examiners of New Mexico*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1957). That basis must have some support in evidence. *Konigsberg v. State Bar of California*, 353 U.S. 252, 77 S.Ct. 722, 1 L.Ed.2d 810 (1957). Again, this court has recognized that the only dispositive question on a readmission application is whether the applicant has been rehabilitated and again is fit to practice. *In re Peterson*, 108 Ariz. 255, 495 P.2d 851 (1972). It is not the intent of our rules or policy that disciplined members be permanently prevented from following their profession, once they have rehabilitated themselves and can show good moral character. *Application of Spriggs*, 90 Ariz. 387, 368 P.2d 456 (1962).

Applicant committed a seriously improper act, was punished for it, has paid for it, appreciates the impropriety of his conduct, and in view of his rehabilitative efforts presents no greater danger to the public than the ordinary applicant for admission. Thus, even if we treat the application for readmission more stringently than an application for original admission, this record contains no evidence contrary to the unanimous finding of the committees which have determined that applicant has been rehabilitated and is of good moral character. In

the face of such a record, the application for readmission must be granted. *See Roth v. State Bar*, 40 Cal.2d 307, 253 P.2d 969 (1953).

The court's failure to grant the application is arbitrary because it is unsupported by any evidence. Worse, it violates petitioner's right to due process because it denies his application without giving any reason or explanation. Applicant is denied readmission without being told what further action he must take to rehabilitate himself, or to demonstrate his good moral character and qualifications for the practice of law. He has not been given any indication of the time, if ever, at which he might expect that an application for readmission would be favorably received. Since none of the committees appointed by this court to consider the matter have found any defect in his application, his showing of rehabilitation, or his moral character, petitioner must be at a loss to know what to do next. In short, the majority of this court has permanently disbarred Mr. Lehman, thus violating our own rules, procedures, and decisional law. The majority's order not only deprives petitioner of due process, it deprives him of any process. In addition, we have treated him differently from other applicants who have been readmitted on a showing of rehabilitation, thus violating his fourteenth amendment right to equal protection of the law.

Petitioner was disbarred to protect the public. That reason for suspension from practice no longer exists. He has been punished by the criminal justice system and has paid for his crime. This court now adds an additional punishment, consignment to judicial purgatory. Unlike the traditional concept of purgatory, from which release is possible through prayer, repentance and good deeds, release from judicial purgatory evidently is not possible for any reason. Surely, the majority is too severe.

I dissent from the denial of the application. I dissent even more strongly from the majority's refusal to state the reasons for its action.

GORDON, V.C.J., concurs.