FLORENCE LUCAS, BY WILLIAM H. LUCAS, HER NEXT FRIEND, AND WILLIAM H. LUCAS, INDIVIDUALLY, AND HAZEL O'CONNOR, BY LEO O'CONNOR, HER NEXT FRIEND, AND LEO O'CONNOR, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. THE UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued May 15, 1934—Decided September 27, 1934.

For the appellants, *Heine & Laird* (*John A. Laird*, of counsel).

For the respondent, *King & Vogt* (*Harold A. Price*, of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment in favor of the defendant below, the jury having returned a verdict of no cause for action.

The instant suit had its origin in a judgment previously recovered by the present plaintiffs against one Ransom Roff under the following circumstances: The respondent here, an insurance company, had in 1931 issued a policy of insurance against liability from the negligent operation of an automobile to James Little, owner of the automobile in question. Vernon Little, his son, about eighteen years of age, had general permission from his father to drive the automobile. On the evening of August 27th, 1931, he took the car out for a drive and was accompanied by the said Ransom Roff and the plaintiffs, Florence Lucas and Hazel O'Connor.

It appears from the testimony that this group went to an inn where all indulged in drinking wine and beer. Then the group returned to the automobile and Vernon Little, feeling "dizzy and dazed," asked Roff to drive the car to the winter home of the Littles, in Butler, New Jersey. They spent some time in the house and Vernon Little having fallen asleep, Roff and the young ladies left him there and Roff undertook driving the young ladies home in the automobile and on the way met with an accident in which the girls were seriously injured. Suit was brought against Roff alone and judgments recovered which were not satisfied, and the present suit was then brought against the defendant company as the insurer of James Little, the owner of the automobile involved in the accident on the judgments recovered against Roff.

The policy of insurance owned by Little provided that the named assured be indemnified against liability and likewise any other person lawfully using the car, providing such other

person had the permission of the assured, "who, if an individual, may give such permission through an *adult* member of his household," &c. Vernon Little was not an adult.

The grounds of appeal challenge the charge of the trial court, who instructed the jury that as a matter of law Vernon Little had no authority to give permission to Roff to drive or use the automobile since he was not an *adult* member of Mr. Little's family. The court further declared that an adult in this state is a person of the age of twenty-one years and upwards and that Vernon Little, being admittedly eighteen years of age, was not an adult within the clause of the policy. The court none the less permitted the case to go to the jury in order that it might determine whether or not Roff "impliedly had authority from Mr. Little, the owner of the car, to drive it."

We find no error in the court's charge to the jury.

The basis of the argument for reversal is that the court charged the jury as a matter of law that in New Jersey an adult is a person of twenty-one years of age or upward. With this we are in accord. At common law an adult was a person who had reached the age of twenty-one years. *Bouv. Dict;* 1 *C. J.* 1403.

In construing contracts words are given their usual and generally accepted meaning and an adult is commonly understood to be one who has reached his or her legal majority. Out statutes concerning infants, guardians, adoptions and the like, refer to persons under the age of twenty-one years as minors. Conversely it follows that persons of twenty-one years or more are adults.

The remaining argument made by the appellant being premised upon this one point, that an adult may be a person under the age of twenty-one, consequently has no merit.

The language of the policy is not ambiguous. It covered the operation of the automobile of the insured by such policyholder or by a person permitted so to do by him or by an adult member of his family. Vernon Little, the minor, not being an adult member of the family, was without authority to permit Roff to drive the car.

The judgment for the defendant below will therefore be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 14.

*For reversal*—None.