WINIFRED D. JACKSON, as Administratrix, etc., of JAMES L. JACKSON, Deceased, Respondent, Appellant, *v.* BROWN & KLEINHENZ, INC., Respondent, Impleaded with FORBES MOTOR AGENCY, INC., Appellant, and JUAN LORD, Defendant.

Fourth Department, December 23, 1935.

*Frank Gibbons* [*James F. Kelly* with him on the brief], for the defendant-appellant, Forbes Motor Agency, Inc.

*William J. Flynn* [*Harold J. Tillou* with him on the brief], for the plaintiff-respondent-appellant.

*Alger A. Williams* [*Manly Fleischmann* with him on the brief], for the defendant-respondent Brown & Kleinhenz, Inc.

EDGCOMB, J.   On the evening of December 31, 1933, plaintiff's intestate, while walking along a highway leading from Nunda to Mount Morris, was struck and killed by an automobile driven by the defendant Juan Lord, under such circumstances as would warrant the conclusion that the negligent operation of the machine was the sole producing cause of the accident.   In this action, brought to recover the damages sustained by decedent's next of kin, plaintiff has not confined her demand for relief to Lord, but also seeks a judgment against Brown & Kleinhenz, Inc., and the Forbes Motor Agency, Inc., upon the theory that they were the owners of the car, or at least that one of them was, and that they had given Lord permission to drive it on the fatal trip.   The jury returned a verdict against Lord and the Forbes Motor Agency, Inc., and exonerated Brown & Kleinhenz, Inc., from liability.   We have before us for review the appeal of the defendant Forbes Motor Agency, Inc., from the judgment against it, and the appeal of the plaintiff from the judgment in favor of Brown & Kleinhenz, Inc.

There is sufficient evidence to warrant a finding that either corporate defendant was the owner of the car, but not that both were. The jury has found that the machine belonged to the Forbes Motor Agency, Inc., and the verdict is conclusive upon that subject.

That leaves for consideration, so far as the defendant's appeal is concerned, the question whether the car was being used at the time of the accident in the business of the Forbes Agency, so that it would be liable for the negligence of its servant, or if not, whether Lord was driving the vehicle with the defendant-appellant's consent, either express or implied.

The Forbes Motor Agency, Inc., is engaged in selling Ford and Lincoln automobiles, as well as second-hand cars, in the city of Olean. Brown & Kleinhenz, Inc., are occupied in a like business in Nunda. The Lincoln car involved in the accident was taken by the Forbes Agency in trade, and was placed on the floor of its salesroom. In June, 1933, some six or seven months prior to the accident, Brown & Kleinhenz, Inc., had a prospect for a second-hand Lincoln car. At their request the Forbes Agency permitted them to take the car in question for the purpose of effecting a sale. Brown & Kleinhenz, Inc., were told to " drive it down; see if you can sell it to them." The sale was not made. Brown & Kleinhenz, Inc., kept the car, and did not return it until February 8, 1935, more than one year after the accident, and subsequent to the commencement of the action, when one of their employees left it in the street opposite the Forbes salesroom.

Lord was an employee of Brown & Kleinhenz, Inc. He had been given permission by his employer to use the car on several occasions to go back and forth from the salesroom to his home, a distance of a mile and a half. On the day of the accident Lord asked Mr. Brown, of Brown & Kleinhenz, Inc., if he could take a car that evening to go to " the show." He was told to take the Lincoln. He drove the car to his home, where he had supper, after which he called for a girl, and took her to " the show " in Nunda. When the performance was over the two, accompanied by a Mr. and Mrs. Eddy, started for a dance at Conesus lake, some distance away. Lord had said nothing to Brown about going to a dance. While on his way to the lake the accident occurred.

Lord was not in the employ of the Forbes Agency, Inc., and never had been. The agency did not know him, and had never heard of him. He was driving the car at the time of the accident for his own private purpose, and not in the business of the owner. The agency cannot be held, therefore, upon the theory that it is responsible for the negligence of its servant, and if it is made to respond in damages here it must be because of its statutory liability imposed by section 59 of the Vehicle and Traffic Law, which makes the owner of a motor vehicle liable for death or injury resulting from negligence in the operation of such vehicle in the business of the owner or otherwise by any person legally using or operating the same with the permission, express or implied, of such owner.

The statute does not define as owner one who has surrendered the control of his car to another. It has not changed the common-law rules relating to master and servant. It has merely created a liability, where none would otherwise exist, by making an owner, who consents to the use of his automobile by another, responsible for the negligence of the user, even though the car is being employed solely for the latter's personal and private use. (*Psota* v. *Long Island R. R. Co.*, 246 N. Y. 388; *Fluegel* v. *Coudert*, 244 id. 393.)

Concededly Lord was never given any express permission by the Forbes Agency, Inc., to drive the car on the night in question or at any other time for that matter. Any implied consent so to do must be spelled out from the arrangement between the agency and Brown & Kleinhenz, Inc., whereby the latter were given possession of the car. When they first took the car, it was loaned to them for the purpose of selling it to a prospective purchaser. Just what occurred after that sale fell through, or the exact details under which the bailee retained the car, is somewhat uncertain, but I think it can fairly be said that they kept it in the hope that they might eventually sell it. The jury has discarded the theory of a sale to the bailee, so that contingency must be disregarded.

Undoubtedly there was an intention on the part of the owner that Brown & Kleinhenz, Inc., might demonstrate the machine to a prospective purchaser, and, in so doing, might turn it over to one of its employees for that purpose. If Lord had been exhibiting the car at the time of the accident to someone who wanted to buy an automobile, the jury would have been justified in holding that he had the implied permission of the owner to drive it for that purpose, But that was not the object of Lord's trip. His use of the vehicle to take his friends to a social gathering had no possible connection with any business of the Forbes Agency, and in no way inured to its benefit.

Brown & Kleinhenz, Inc., were not the agents of the owner, nor could they bind it by any permission which they gave to Lord, even if we were to assume that Brown & Kleinhenz, Inc., would be liable for Lord's negligence under the limited permission given him on the night in question.

Section 59 of the Vehicle and Traffic Law does not go so far as to hold the owner of an automobile responsible for the negligence of a third party, to whom a borrower had temporarily intrusted the car without the owner's knowledge or consent, and who was using it for his own private purpose. (*Owen* v. *Gruntz*, 216 App. Div. 19; *Thompson* v. *Morgan*, 224 id. 691.)

In *Owen* v. *Gruntz* (*supra*) plaintiff, an automobile dealer, had sold an automobile to one Gomesky, and until delivery could be

made had loaned the car involved in the accident to the purchaser, who in turn lent it to his friend, Willover, to drive to his home, and to return it the next morning. Instead of going home, Willover picked up several friends, and while riding about the city collided with defendant's car. This court held that Willover was not operating the machine with the owner's permission so as to make the latter liable for the driver's negligence.

In *Thompson* v. *Morgan* (*supra*) plaintiff was struck by an automobile driven by the defendant Morgan. The car had been sold by the defendant Hubbard, an automobile dealer, to one Arthur Green upon a conditional sales contract. The agreement, as well as the rights of the vendor in the car, had been assigned by Hubbard to the defendant mortgage and acceptance corporation. Green defaulted, and the mortgage corporation repossessed the car, and turned it over to the defendant Hubbard, as its agent, for resale. While in Hubbard's possession, Morgan, without Hubbard's permission, borrowed the car to go downtown for lunch, and upon the way the accident occurred. It was held that the mortgage corporation, the owner of the car, was not liable for the injuries resulting from the accident, because the record was devoid of proof of any consent by it to use the vehicle for any purpose other than that incidental to sale, and that, as it was being used beyond such limit, section 282-e of the Highway Law, now section 59 of the Vehicle and Traffic Law, had no application.

The instant case is clearly distinguishable from the authorities cited by the plaintiff. In *Zuckerman* v. *Parton* (260 N. Y. 446) the owner of an automobile left his car at a garage for repairs; he had reason to know, or at least to suspect, that in the necessary performance of the work to be done, the car would be tested upon the public highway by the employees of the garage. Under such circumstances it might very properly be said that the use of the car by such an employee was well within the implied permission of the owner when he left the car for repairs. The court was very careful to limit the ruling to occasions where the nature of the work or the circumstances were such as to indicate or suggest to a reasonably prudent person that the car would be used to accomplish the work to be done. The same may be said of the decision in *Jorgensen* v. *Jaeger* (257 N. Y. 171).

If I am right in the conclusion which I have reached, it becomes unnecessary to discuss the other questions raised by the defendant-appellant.

The plaintiff has appealed from the judgment entered against her in favor of the defendant Brown & Kleinhenz, Inc. That appeal

was not stressed by the appellant upon the oral argument or in her brief. No error is pointed out which would warrant a reversal of such judgment, and I find no justification in disturbing the result in so far as Brown & Kleinhenz, Inc., are concerned.

It follows that the judgment in favor of Brown & Kleinhenz, Inc., should be affirmed, with costs, and the judgment against the defendant Forbes Motor Agency, Inc., should be reversed, and the complaint dismissed.

All concur. Present — SEARS, P. J., EDGCOMB, THOMPSON, CROSBY and LEWIS, JJ.

Judgment in favor of the defendant Brown & Kleinhenz, Inc., affirmed, with costs. Judgment against the defendant Forbes Motor Agency, Inc., reversed on the law, with costs and complaint dismissed, with costs as to said defendant. Appeal by Forbes Motor Agency, Inc., as against Brown & Kleinhenz, Inc., dismissed as academic in view of the decision here made.