WINIFRED D. JACKSON, as Administratrix, etc., of JAMES L. JACKSON, Deceased, Plaintiff, v. CITIZENS CASUALTY COMPANY OF NEW YORK, Respondent.

MARTIN C. SCHAUS, Petitioner, Appellant.

Fourth Department, November 5, 1937.

*Frank Gibbons,* for the petitioner, appellant.

*Manly Fleischmann,* for the respondent.

EDGCOMB, J. On the evening of December 31, 1933, James L. Jackson was struck and killed by an automobile driven by Juan Lord. In an action brought by decedent's administratrix against Lord and the reputed owners of the car, Forbes Motor Agency, Inc., and Brown & Kleinhenz, Inc., the plaintiff was awarded a verdict against Lord and the Forbes Motor Agency, Inc. Brown & Kleinhenz, Inc., was absolved from liability. Upon appeal to this court the judgment against the Forbes Motor Agency was reversed, and the judgment in favor of Brown & Kleinhenz, Inc., was affirmed. (246 App. Div. 445.) Lord did not appeal. The judgment of this court, in so far as it pertained to the Forbes Motor Agency, was subsequently reversed by the Court of Appeals. (273 N. Y. 365.) An execution issued against Lord has been returned wholly unsatisfied.

The Citizens Casualty Company of New York, the defendant in the present action, had issued a policy of liability insurance making it responsible for the payment of the judgment against Lord. After the decision of this court on appeal in the negligence action the administratrix of decedent's estate commenced this action to recover from the insurance company the amount of said judgment

up to the face of the policy. The action was never brought to trial. After the reversal of the negligence action in the Court of Appeals decedent's administratrix assigned to the petitioner, Martin C. Schaus, her judgment against Lord, and any cause of action which she had arising out of said policy of insurance, including the right of substitution as plaintiff in the instant action, and the right to prosecute the same to judgment. Mr. Schaus then petitioned the court for an order reviving said action, and substituting himself as plaintiff in the place and stead of his assignor, and permitting him to serve an amended complaint. From the order denying such motion this appeal is taken.

Prior to the adoption of the statute (Laws of 1917, chap. 524) adding section 109 to the Insurance Law, the insolvency of the assured was equivalent, for all practical purposes, to a release of the surety; the judgment creditor could not maintain an action against an insurance company, which had indemnified the wrongdoer against loss from liability for personal injuries, to recover a judgment which the injured party had obtained against the insured. (*Coleman* v. *New Amsterdam Casualty Co.*, 247 N. Y. 271, 275; *Burke* v. *London Guarantee & Accident Co.*, 47 Misc. 171; affd., 126 App. Div. 933; affd., 199 N. Y. 557.)

The party who had been injured was thus left remediless in the event that the judgment debtor proved to be insolvent, notwithstanding the fact that the latter was covered by insurance. To remedy such an anomalous situation, and in response to a sound public policy, the Legislature, in 1917, added section 109 to the Insurance Law. That section, as now amended (Laws of 1936, chap. 433), provides as follows: " No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, * * * shall be issued or delivered in this State by any corporation or other insurer authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured or the insolvency of his estate, shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and a provision stating that in case judgment against the insured * * * by the injured person, or his or her personal representative, to recover damages for injury sustained or loss occasioned during the life of the policy shall remain unsatisfied at the expiration of thirty days from the date of service of notice of entry of judgment upon the attorney for the insured, and upon the insurer, *then an action may be maintained by the injured person, or his or her personal representative,* against the insurer under the

terms of the policy for the amount of such judgment not exceeding the amount of the policy." (Italics mine.)

It will be noted that the persons whom the Legislature sought to protect, and to whom it gave a cause of action where the judgment debtor was insolvent, are designated in the statute with great particularity. Such persons are (1) the injured person; (2) in case of his death his personal representative. The specific mention of the ones to whom the right of action is given implies the exclusion of all others. *Expressio unius est exclusio alterius.* This is a fundamental principle of statutory construction. (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54, 57.)

Furthermore, it may be presumed that, by the adoption of this statute, the Legislature intended to alter the existing law only in the instances indicated by the explicit language of the act itself. Statutes in derogation of the common law should be strictly construed. (*Fitzgerald* v. *Quann,* 109 N. Y. 441; *People* v. *Palmer,* Id. 110, 118; *Tompkins* v. *Hunter,* 149 id. 117, 123; *Jones* v. *City of Albany,* 151 id. 223, 228.)

With these rules of construction in mind, and giving to the language of the statute its manifest and unmistakable meaning, it is clear that the Legislature intended to confine the remedy given solely to the person injured, or, in the event of his death, to his personal representative. We have no right to read into the act something which obviously is not there. (*Metropolitan Casualty Ins. Co.* v. *Union Indemnity Co.,* 141 Misc. 792; affd., 229 App. Div. 827; affd., 255 N. Y. 591; *Bakker* v. *Ætna Life Ins. Co.,* 148 Misc. 162, 166; affd., 240 App. Div. 880; affd., 264 N. Y. 150; *Royal Indemnity Co.* v. *Travelers Ins. Co.,* 244 App. Div. 582; affd., 270 N. Y. 574; *Coleman* v. *New Amsterdam Casualty Co.,* 247 id. 271, 275; *Knickerbocker Ice Co.* v. *New York Indemnity Co.,* 140 Misc. 654.)

The statute having accorded to this plaintiff, and not to her assignee, the right to maintain this action against the insurance company, it follows that the petitioner's application was properly denied.

But the appellant urges that the cause of action is not brought under the statute; that it is one to enforce a contract obligation, and is, therefore, assignable. Concededly one party to a contract may assign his right to its performance by the other, unless such transfer is forbidden or unauthorized. In so far as the privilege of an injured party to sue the insurance company is concerned, the policy contains no provision except that which the statute has decreed must be included in the contract of insurance. No policy

can be issued without such a condition. The language of the statute does not stop short of a legislative mandate, an authoritative command, an ultimatum. It must be obeyed. The right which is thus accorded the plaintiff owes its parentage to the statute, rather than to the contract of insurance. The policy adopts, under compulsion, the provisions of the statute. Under such circumstances it is idle to say that this is an action upon a contract rather than one under the statute. No such legal fiction will be permitted.

Nor can the petitioner hope to succeed upon the theory which he urges, that a contract right, too personal for assignment, may, upon its breach, give rise to an assignable action for damages, or, in other words, that a non-assignable agreement, if breached, becomes a mere claim or demand for damages, and that such claim or demand may be assigned. The Legislature has seen fit to give to an injured party, or to his representative, and to no one else, a cause of action against an insurer under the conditions mentioned in the statute. The intent of the law-making body cannot be lost sight of, and the cause of action which has been given cannot be enlarged so as to permit a party, not covered by the statute, to take advantage of its provisions upon some theory not contemplated by the Legislature. Such a proposition involves a species of logic to which one's mind will scarcely give consent. If a right of action given to an injured party, or his representative, cannot be maintained by a third party, the assignment of the cause of action to some stranger, after the action has been properly commenced, does not change the situation, or give the assignee any rights which he did not possess in the first instance.

We are not called upon to determine the rights of the parties after judgment is entered in the present action, if that event ever occurs.

For the reasons stated, we think that the order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order affirmed, with ten dollars costs and disbursements.