WINIFRED D. JACKSON, as Administratrix of the Estate of JAMES L. JACKSON, Deceased, Plaintiff, *v.* CITIZENS CASUALTY COMPANY OF NEW YORK, Respondent. MARTIN C. SCHAUS, Appellant.

Argued February 28, 1938; decided April 12, 1938.

*Frank Gibbons* for appellant. The cause of action sued upon is one arising out of contract and was assignable. (Cons. Laws, ch. 41, § 41; *Marsh* v. *Perkins*, 132 Misc. Rep. 629; 225 App. Div. 672; *Snyder* v. *City of New York*, 74 App. Div. 421; *Evansville Nat. Bank* v. *Kaufmann*, 93 N. Y. 273; *Baseball Players Fraternity, Inc.*, v. *Boston American League Baseball Club*, 166 App. Div. 484; 221 N. Y. 704; *Brace* v. *City of Gloversville*, 167 N. Y. 452; *Mellen* v. *Hamilton Fire Ins. Co.*, 17 N. Y. 609; *Hicks* v. *British American Assur. Co.*, 162 N. Y. 284; *Skenandoa*

*Rayon Corp.* v. *Halifax Fire Ins. Co.,* 245 App. Div. 279; 272 N. Y. 457; *Lavine* v. *Indemnity Ins. Co.,* 260 N. Y. 399; *Bakker* v. *Ætna Life Ins. Co.,* 264 N. Y. 150; *Brustein* v. *New Amsterdam Casualty Co.,* 255 N. Y. 137; *Merchants Mut. Auto. Liability Ins. Co.* v. *Smart,* 267 U. S. 126; *State ex rel. Park Nat. Bank* v. *Globe Indemnity Co.,* 332 Mo. 1089.) The cause of action sued upon is also assignable if its parentage is statutory rather than contractual. (*Tanas* v. *Municipal Gas Co.,* 88 App. Div. 251; *Morenus* v. *Crawford,* 51 Hun, 89; *Grocers Nat. Bank* v. *Clark,* 48 Barb. 26; *Selden* v. *Illinois Trust Bank,* 239 Ill. 67; *Imperial Film Exchange* v. *General Film Co.,* 244 Fed. Rep. 985; *Smith* v. *Endicott-Johnson Corp.,* 199 App. Div. 194; 234 N. Y. 628; *Meech* v. *Stoner,* 19 N. Y. 26; *People* v. *Stedeker,* 175 N. Y. 57; *Quin* v. *Moore,* 15 N. Y. 432; *Illinois Surety Co.* v. *United States,* 240 U. S. 214; *Title Guarantee & Trust Co.* v. *Puget Sound Engine Works,* 163 Fed. Rep. 168; *Title Guarantee & Trust Co.* v. *Crane Co.,* 219 U. S. 24.) Where the insurance carrier of one of two joint judgment debtors pays the judgment it cannot maintain an action to recover over against the insurer of the other judgment debtor for contribution under the provisions of section 211-a of Civil Practice Act.

*Manly Fleischmann, Alger A. Williams* and *Adelbert Fleischmann* for respondent. The cause of action alleged in the complaint is not assignable. (*Burke* v. *London Guaranty & Accident Co.,* 47 Misc. Rep. 171; 126 App. Div. 933; 199 N. Y. 557; *Royal Indemnity Co.* v. *Travelers Ins. Co.,* 244 App. Div. 582; 270 N. Y. 574; *Commercial Casualty Ins. Co.* v. *New Amsterdam Casualty Ins. Co.,* 239 App. Div. 914; *Knickerbocker Ins. Co.* v. *New York Indemnity Co.,* 140 Misc. Rep. 654; *Metropolitan Casualty Ins. Co.* v. *Union Indemnity Co.,* 141 Misc. Rep. 792; 229 App. Div. 827; 255 N. Y. 591.) Other statutory causes of action are non-assignable. Where a statute

creates a cause of action for the recovery of a civil penalty as a means of enforcing the provisions of a particular statute, such cause of action cannot be assigned. (*McBratney* v. *Rome, W. & O. R. R. Co.*, 19 Hun, 385; 87 N. Y. 467; *Coyle* v. *Interurban Street Ry. Co.*, 88 N. Y. Supp. 136.)

FINCH, J. Whether the person injured may assign the cause of action given by subdivision 1 of section 109 of the Insurance Law (Cons. Laws, ch. 28), either before or after judgment against the insured, is the question of law presented for decision.

The facts, in so far as necessary to present this question, are as follows: James L. Jackson died as the result of injuries received by him from an automobile operated on the highway by one Juan Lord. The plaintiff, his widow, brought a statutory death action against Brown & Kleinhenz, Inc., Forbes Motor Agency, Inc., and Juan Lord, to recover damages alleged to have been caused by the negligence of the defendant Juan Lord, as operator, and Brown & Kleinhenz, Inc., and Forbes Motor Agency, Inc., as owners. At Trial Term a verdict was rendered in favor of defendant Brown & Kleinhenz, Inc., of no cause of action and in favor of plaintiff against the defendants Forbes Motor Agency, Inc., and Juan Lord for approximately $18,000. Forbes Motor Agency, Inc., appealed to the Appellate Division where the judgment of the Trial Term was reversed and the complaint as to it dismissed (246 App. Div. 445). On appeal to the Court of Appeals, the judgment of the Appellate Division was reversed and that of Trial Term reinstated (273 N. Y. 365). Juan Lord did not appeal and execution issued against him has been returned wholly unsatisfied. The defendant Citizens Casualty Company had issued an automobile liability policy, obligating payment of the judgment recovered against Juan Lord, and the plaintiff commenced an action against this surety company. Following the decision of the Court of Appeals, reinstating the judgment against Forbes Motor Agency, Inc.,

the judgment in favor of plaintiff was assigned to Martin C. Schaus, as was also the cause of action which the administratrix had against the defendant by virtue of the liability insurance policy. Schaus thereupon moved to revive the action against the defendant insurance company and substitute himself as plaintiff. This motion was denied, and upon appeal the Appellate Division affirmed on the law and not in exercise of discretion, thus presenting squarely the question of law, whether the cause of action provided by subdivision 1 of section 109 of the Insurance Law was assignable. The Appellate Division granted leave to appeal to this court and certified the question, " On the record in this case was the motion of the appellant Martin C. Schaus properly denied as matter of law? "

Prior to the enactment of section 109 of the Insurance Law, an injured person possessed no cause of action against the insurer of the tort feasor because of the lack of privity of contract. (*Burke* v. *London Guarantee & Accident Co.*, 47 Misc. Rep. 171; affd., 199 N. Y. 557.) In consequence if the insured was insolvent, so that the person injured or the estate of one killed was unable to satisfy the judgment against him, the insurer in effect would be released. The policy being one of indemnity against loss suffered by the principal, it followed that the insured having suffered no damage, there was no loss for the insurer to indemnify. For the purpose of correcting this situation with its attendant injustice the Legislature enacted this remedial statute which became section 109 of the Insurance Law. (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271.) Since a new cause of action was created, the initial step in determining the intention of the Legislature must be a careful analysis of the wording of the statute. For convenience the pertinent portions of section 109 follow: " No policy of insurance against loss * * * resulting from accident to * * * an employee or other person * * * shall be issued

* * * unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured * * * shall not release the insurance carrier from the payment of damages for injury sustained * * * and a provision stating that in case judgment against the insured * * * shall remain unsatisfied * * * then an action may be maintained by the injured person, or his or her personal representative, against the insurer * * * " (subd. 1).

The above section was attacked as offending the Constitution. Because the issuance of a policy coming within the purview of the provisions required by section 109 was entirely voluntary on the part of the insurer the section was upheld. (*Merchants Mut. Automobile Liability Ins. Co.* v. *Smart,* 267 U. S. 126, affg. 236 N. Y. 577; 206 App. Div. 630.)

In the light of the common law before the enactment of section 109 of the Insurance Law, the attendant injustice and the mischief which the Legislature was seeking to cure, we must conclude that the statute was drawn for the protection of injured plaintiffs. The words of the section give express protection to " the injured person, or his or her personal representative." Was it the legislative intention to go further and permit an assignee to receive a like protection? Applying a fundamental principle of statutory construction, this specific mention of those to whom the right of action is given implies the exclusion of others. (*Aultman & Taylor Co.* v. *Syme,* 163 N. Y. 54, 57.) This construction likewise accords with a public policy which holds claims for personal injuries nonassignable. Whatever may have been the reason for such public policy in earlier times, it seems now clear that the protection of the injured person is the dominant note. In confining this protection to the person injured or his personal representative, the Legislature has still further protected the injured and the representative by excluding speculation in these claims. In addition it is to be noted that to permit a recovery by the assignee in the case at

bar would in effect permit forcing contribution between companies issuing liability policies. In fact it is here urged that the defendant, as insurer of the driver of the automobile, is primarily liable as against the insurer of the owner of the car. But it is held that there can be no contribution or indemnification under these circumstances, and the recently enacted statute permitting contribution between joint tort feasors (Civ. Prac. Act, § 211-a) does not apply to the facts in the case at bar.

All the above considerations constrain us to go no further in the construction of section 109 than the express intention of the Legislature as shown in clear and unambiguous terms. These give a right of action to the injured person or his or her representative, and not to an assignee. If, because of the ambiguity of the language used by the Legislature the court has placed too strict a limitation upon the application of the statute, it is easily within the province of the Legislature to expand its application. A court should go no further than is indicated by language in the statute.

The above construction is in accord with that reached by this court in an analogous suit (*Royal Indemnity Co.* v. *Travelers Ins. Co.*, 244 App. Div. 582; affd., 270 N. Y. 574). In that case plaintiff, an insurance carrier, paid an award under the Workmen's Compensation Law (Cons. Laws, ch. 67) to the injured person, and then recovered a judgment against the tort feasor on the theory that the payment of the award operated as an assignment of the cause of action of the person injured. The judgment was returned unsatisfied and action was brought against the insurer of the wrongdoer under section 109 of the Insurance Law. In granting the motion of defendant for judgment on the pleadings, it was held by this court that the cause of action under section 109 was limited to the injured person, or, in case of death, his personal representative.

The appellant urges that the cause of action in the case at bar is created by the contract of insurance rather than

by statute, and, therefore, is assignable equally with any other contractual right. But, as was well said by the Appellate Division, " The right which is thus accorded the plaintiff owes its parentage to the statute, rather than to the contract of insurance. The policy adopts, under compulsion, the provisions of the statute. Under such circumstances it is idle to say that this is an action upon a contract rather than one under the statute." (252 App. Div. 393, 397.)

Appellant also urges that although a cause of action for personal injuries may be too personal for assignment, yet upon the entry of judgment the non-assignability of the cause of action is lost, and the right which survives is merely that of a breach of the contract of insurance or one based upon the judgment obtained by the plaintiff. A complete answer to this contention is that, prior to the enactment of the statute, no claim could be enforced successfully against the insurer, whether founded upon a breach of contract or upon the recovery of judgment. In consequence all rights of recovery, upon whatever theory, are limited by the words of the statute and are given only to the injured party or to his or her representative.

Appellant also relies upon the provisions of the Personal Property Law (Cons. Laws, ch. 41, § 41). This section provides that any claim or demand may be transferred except where the transfer is forbidden by statute or would contravene public policy. But where as in the case at bar a new cause of action is created, and the statute creating such cause of action by its terms specifies the class to which the action is given, section 41 does not purport to enlarge this class. (*Royal Indemnity Co.* v. *Travelers Ins. Co.*, *supra.*)

It follows that the order appealed from should be affirmed with costs, and the certified question answered in the affirmative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur.

Order affirmed, etc.