[No. 27123. Department One. July 18, 1938.]

HUGH H. BENTON, JR., *as Trustee in Bankruptcy, Appellant,* v. ASSOCIATED INDEMNITY CORPORATION, *Respondent.*[1]

[1]Reported in 81 P. (2d) 507.

*Alex Wiley* and *John J. Kennett,* for appellant.

*N. A. Pearson* and *Evans C. Bunker,* for respondent.

HOLCOMB, J.—This case has been twice before this court, *Hinton v. Carmody,* 182 Wash. 123, 45 P. (2d) 32, and the garnishment case brought by the judgment creditor decided in *Hinton v. Carmody,* 186 Wash. 242, 57 P. (2d) 1240, 60 P. (2d) 1108. The facts and issues may be found in those decisions, and will not be repeated here. The only additional facts necessary to recite are that, after several writs of garnishment had been sued out by Hinton, the judgment creditor, as administrator, Carmody, the judgment debtor, went into bankruptcy, and this appellant was appointed trustee therein. Immediately after his appointment as trustee, he started the present suit against the surety company to attempt collection of the judgment which Hinton had secured against Carmody.

The lower court granted a motion by respondent for a nonsuit and judgment, and dismissed the action. The grounds of dismissal were that appellant was bound by the judgment in the garnishment proceedings in the prior action, 186 Wash. 242; and that appellant, as trustee in bankruptcy, had no right to maintain an action.

From the conclusion we reach herein, only one error will be necessary to discuss; that the court erred in dismissing the action and not submitting the issues of fact to the jury.

In our decision in 186 Wash. 242, this court unanimously decided that an insurance company has a right to provide in its contract under what conditions it will

pay and to whom it will pay under these liability policies; that, from the language of this policy, it covers just the persons named therein and no others.

The writer of this opinion was the author of the minority opinion, which dissent was based upon the sole ground that the surety company concealed its intention to disclaim liability on this specific ground of nonliability under the policy, did not make known to the claimant its real ground of resisting the collection of the judgment, and should have been estopped by its course of conduct and concealment.

The policy in this case contains the following clause:

"Bankruptcy clause. Bankruptcy or insolvency of the named insured shall not release the company from the payment of damages for injuries sustained or loss occasioned during the life of this policy and in case execution against the named insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such bankruptcy or insolvency, an action may be maintained by such injured person, or his or her personal representative, against the company on this policy and subject to its terms and limitations for the amount of the judgment in said action, not exceeding the amount of the limits of indemnity provided in this policy; . . ."

There is another clause in the policy which defines "Insured" and "Additional Insured," which were before us on the former appeal.

Counsel for appellant positively assert that "this is a suit on a contract; the contract is the insurance policy." If that be taken at its face value, there is nothing in the contract of insurance in this case that insures the creditors of Carmody, nor does it insure the creditors of the "named insured."

Under the bankruptcy clause of the policy, the insurer is not released from liability to the injured person for damages for such injuries, and in case an exe-

cution against the named insured is returned unsatisfied, an action may be brought "by the injured person, or his or her personal representative."

 We have consistently held that only the personal representative can bring an action for such damages. *Machek v. Seattle,* 118 Wash. 42, 203 Pac. 25; *Howe v. Whitman County,* 120 Wash. 247, 206 Pac. 968, 212 Pac. 164; *Reutenik v. Gibson Packing Co.,* 132 Wash. 108, 231 Pac. 773, 37 A. L. R. 830; *Dodson v. Continental Can Co.,* 159 Wash. 589, 294 Pac. 265.

That principle, of itself, which is well settled here, would preclude any action by an assignee of the debtor, whether voluntarily assigned or *in invitum,* by operation of law.

It would be idle to review the many cases cited by appellant upon the question of the right to bring such action, for that question is settled conclusively by our own cases.

 The bankruptcy clause set out above cannot and does not extend the rights of judgment creditors under our personal injury statute. It is similar to a statutory right obtained in some states by express statutes.

In *Jackson v. Citizens Casualty Co. of New York,* 252 App. Div. 393, 299 N. Y. Supp. 644, it was held that an assignee of a judgment cannot sue on an assigned judgment under the death statute, which is similar to our own statute. It was enacted as an amendment to the insurance law of New York. That court held that the insurance law (§ 109 as amended) gives such right only to injured persons, or, in event of death, to the personal representative. The court there said:

"It will be noted that the persons whom the Legislature sought to protect, and to whom it gave a cause of action where the judgment debtor was insolvent, are designated in the statute with great particularity. Such

persons are (1) the injured person; (2) in case of his death his personal representative. The specific mention of the ones to whom the right of action is given implies the exclusion of all others. . . . This is a fundamental principle of statutory construction."

In that case, as in this, appellant urged that the cause of action is not brought under the statute, but is one to enforce a contract obligation and is, therefore, assignable. As to that, the court said:

"In so far as the privilege of an injured party to sue the insurance company is concerned, the policy contains no provision except that which the statute has decreed must be included in the contract. The language of the statute does not stop short of a legislative mandate, an authoritative command, an ultimatum. . . . The right which is thus accorded the plaintiff owes its parentage to the statute, rather than to the contract of insurance. The policy adopts, under compulsion, the provisions of the statute. Under such circumstances it is idle to say that this is an action upon a contract rather than one under the statute. No such legal fiction will be permitted."

The cited decision was affirmed in all respects by the court of appeals in the same titled case in 277 N. Y. 385, 14 N. E. (2d) 446. That court also held that an injured person's right to maintain action against liability insurer under a standard liability policy is statutory rather than contractual, and hence is not assignable as a contractual right, notwithstanding that claim has been reduced to judgment against insured, under § 109 of the New York insurance law.

Hence it cannot be held in this case, as asserted, that

"The theory that plaintiff, as trustee in bankruptcy, has no right to maintain an action of this kind is but a figment of the imagination without any support or authority of any kind, either in logic or in law."

On the contrary, under the contract before us, it is manifest that the trustee in bankruptcy has no right to wage such an action as this.

■ Furthermore, we consider that the proceedings in the former case in 186 Wash. 242, were *res adjudicata* of all claims made in this case under our decision in *Symons v. Hutchinson,* 119 Wash. 430, 205 Pac. 1057, and texts and authorities there cited.

The judgment is affirmed.

STEINERT, C. J., MAIN, GERAGHTY, and SIMPSON, JJ., concur.

