Francis J. Donovan, J.
Plaintiffs move for summary judgment in an action against defendant who is the automobile *646 liability insurer of a Canadian resident, one Lemiux. This action grows out of a prior action, still pending in Supreme Court, brought by the plaintiffs against Lemiux for damages resulting from an automobile accident which occurred in Vermont.
The jurisdictional problem in the Supreme Court action was resolved by plaintiffs’ serving a notice of attachment on the insurer attaching the insurance policy (apparently issued in Canada) of Lemiux. This procedure was upheld by a divided court affirming an order in Seider v. Roth (17 N Y 2d 111), with an award of costs to the plaintiffs against Lemiux.
No judgment has yet been rendered in Seider v. Roth and Lemiux. In the present action the plaintiffs are seeking to collect the costs awarded by the Court of Appeals against Lemiux. While the plaintiffs do not precisely state their position, nevertheless it appears to be based on section 167 of the Insurance Law.
The remittitur from the Court of Appeals was filed with the County Clerk and the County Clerk executed a document which provides as follows: ‘ ‘ Adjudged that the plaintiffs Bona Seider and Norman Seider, residing at 33 Baspberry Lane, Levittown, New York, have and recover judgment against the defendant, Andre Joseph Lemiux, residing at BE 1, St. Elie, D’Orford, Quebec, Canada, in the sum of $209.71 costs and disbursements as taxed and that the plaintiffs have execution therefor.”
Plaintiffs refer to the County Clerk’s instrument as a “ judgment ” and they allege that the same has remained unsatisfied for more than 30 days.
We will assume that, in plaintiffs’ favor, section 167 of the Insurance Law is applicable and that the policy contains the provision set forth in paragraph (b) of subdivision 1 of that section.
The section provides: “ in case judgment against the insured or his personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract, shall remain unsatisfied ’ ’.
The first question presented is: What is the document executed by the County Clerk? Is this a judgment? A judg-' ment is defined as follows: “ A judgment is the determination of the rights of the parties in an action ” (CPLB 5011).
This document of the County Clerk does not determine the action now pending in Supreme Court for personal injuries nor does it determine the rights of the parties. In short, it is not a judgment. It is an order for the payment of money.
*647 While such an order may be enforced in the same way as a judgment (CPLR 5101) there is yet a substantial distinction between an order and a judgment.
In the event a judgment is ultimately rendered in Beider v. Roth, the payment of these costs may be incorporated in that judgment and it may be that section 167 of the Insurance Law, or the standard clause, if the same is contained in the policy, will be available to the plaintiffs to collect on their unsatisfied judgment. It may also well be that some costs or disbursements may be awarded to the defendant in that judgment which will offset the costs owing to the plaintiffs. But until such time there is no judgment for the $209.71 sought in this action.
The sole remaining question is whether or not section 167 or the common law may be invoked to apply to this order for the payment of costs.
Section 167 of the Insurance Law has been strictly construed and under the common law no direct action was permitted against the insurer.
It matters not whether the plaintiffs predicate their action on contract or statute, the result is the same. They may only proceed against the insurer under the limited conditions set forth in the 'statute. (Jackson v. Citizens Cas. Co., 277 N. Y. 385, 392.)
Accordingly, summary judgment is granted in favor of the defendant, dismissing the complaint.